Samriang DUANGNIN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71618.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Nov. 3, 2004.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM *

Samriang Duangnin, a citizen and native of Thailand, appeals the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge ("IJ") denying her application to remove the conditions on her permanent residence under 8 U.S.C. § 1186a(c)(1). The IJ denied this application because he found that the Immigration and Naturalization Service ("INS") established by a preponderance of the evidence that Duangnin's marriage was not entered into in good faith. We find the BIA's determination was not supported by substantial evidence, and therefore grant the petition for review.

To refuse to lift the conditions on Duangnin's residency status, the INS must establish by a preponderance of the evidence that the facts in Duangnin's petition, including that the marriage was entered into in good faith, were not true. *See* 8 U.S.C. § 1186(c)(3)(D); 8 C.F.R. § 216.4(d)(2). The governing question in this case is whether Duangnin and her husband, Theodis Thomas, intended "to establish a life together at the time they were married." *Bark v. INS*, 511 F.2d 1200, 1201 (9th Cir.1975). Evidence proving that intent may include the joint own-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ership of property, the joint tenancy of a common residence, the commingling of financial resources, birth certificates of children born to the marriage, affidavits of third parties having knowledge of the bona fides of the marital relationship, or other documentation establishing that the marriage was not entered into for the purpose of avoiding the immigration laws of the United States. 8 C.F.R. § 216.4(a)(5). There is, however, "no set formula to be applied in determining whether a marriage was entered into in good faith. 'The concept of establishing a life as marital partners contains no federal dictate about the kind of life that the partners may choose to lead.'" *Damon v. Ashcroft*, 360 F.3d 1084, 1089 (9th Cir.2004) (quoting *Bark*, 511 F.2d at 1201).

Because the IJ and BIA failed to make an explicit adverse credibility finding against Duangnin, we accept as true all of her testimony at the hearing. *Id.* at 1086 n. 2; *see also Lopez–Alvarado v. Ashcroft*, 371 F.3d 1111, 1115 (9th Cir.2004). The IJ also failed to make an explicit adverse credibility finding against Thomas. As we stated in *Vera–Villegas v. INS*, "Courts and litigants have long relied on testimony alone, whether in the form of affidavits, declarations, depositions, or live witnesses, to prove antecedent facts." 330 F.3d 1222, 1234 (9th Cir.2003).

Crucial to finding that the evidence compels the conclusion that the INS failed to prove a sham marriage by a preponderance of the evidence, is the IJ's "cursory and generalized analysis of [Duangnin's] favorable factors." *Arrozal v. INS*, 159 F.3d 429, 433 (9th Cir.1998). The positive evidence in the record was seemingly ignored. First, Duangnin's has not been a brief marriage. At the time of the IJ's decision, Duangnin and Thomas had been married for eleven years. *Cf. Damon*, 360 F.3d at 1086 (finding a good faith marriage even though couple only married four years, and had only lived together as married for one year). In addition, there were many letters and affidavits from friends attesting to the validity of Duangnin's and Thomas's marriage. These declarations should not have been dismissed without a "reasoned and persuasive explanation." *Vera–Villegas*, 330 F.3d at 1234. Importantly, the IJ found that since 1998 there was evidence of their relationship, including joint checking accounts and life insurance policies. The fact that much of the documentary proof comes post–1998, and after they met with a lawyer to handle Duangnin's I–751 petition, should not diminish its relevance in discerning Duangnin and Thomas's intent to establish a married life together. Without more, discounting this evidence would put Duangnin and Thomas in a Catch–22: their petition would be denied both if they fail to present evidence of their relationship, and if, after receiving legal counsel that it is necessary to document their relationship, such documentation is disregarded as tainted.

The evidence on the record compels the conclusion that the IJ erred in finding the existence of a "sham marriage" by a preponderance of the evidence. Duangnin and Thomas's now fifteen-year marriage, and the evidence dating from 1998 to the present, strongly suggest an intent to establish a life together.

**PETITION GRANTED.**